UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SWEETS,<br><br>        Plaintiff,<br><br>    v.<br><br>ANTIOCH POLICE DEPARTMENT, et al.,<br><br>        Defendants. | Case No. 24-cv-09275-VC<br><br>**ORDER OF SERVICE** |

Michael Sweets, a pretrial detainee at West County Detention Facility in Contra Costa County, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the Antioch Police Department, police officer Cruz Guzman, and various Doe defendants. Sweets has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The court now addresses the claims asserted in Sweets's complaint.

### DISCUSSION

**I.  Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.     Sweets's Allegations

Sweets's complaint alleges the following:

On November 17, 2024, Sweets was subjected to a racially discriminatory stop and was illegally detained by Antioch Police Officer Cruz Guzman. Sweets had left a store near Lone Tree and Tregallas roads and gotten into his car, and after five to ten minutes of sitting in his car, Cruz Guzman opened his driver's side door without warning, and, while Sweets's hands were on the steering wheel, punched Sweets repeatedly in his face with closed fists. Cruz Guzman did not identify himself, nor did he read Sweets his rights or tell him what he was being arrested for or charged with, and he searched and seized Sweets's car. Cruz Guzman forced his way into the car and put his knees on Sweet's lap while punching him. He handcuffed him and continued to beat him while restrained as Sweets repeatedly passed out in pain. Sweets was arrested and taken to the Kaiser Permanente emergency room, where medical staff refused to treat him. He was then taken to West County Detention Facility where the Antioch Police Department devised a cover-up for the police brutality.

Sweets names as Doe defendants the other officers who were present at his arrest, who watched and failed to intervene in the attack on him. He also names as Does the medical staff at Kaiser who refused to treat him. He brings claims under section 1983 as well as California's

2

Bane Act.

Sweets seeks compensatory damages for conspiracy, retaliation, and staged incidents of violence and harm while in the custody of the Antioch Police. He also seeks injunctive relief to prevent this type of conduct in the future.

### III.   Analysis

Sweets has not alleged how he would have standing to obtain prospective relief, so his claim for an injunction is dismissed for lack of jurisdiction with leave to amend. *See*, *e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). To have standing, he must allege that he is in danger of imminent injury. Dismissal of this claim is with leave to amend.

The section 1983 claims against the Antioch Police Department, an entity of the City of Antioch, are dismissed with leave to amend because local governments are only subject to liability under section 1983 where official policy or custom causes a constitutional violation. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Sweets has not alleged that an official policy or custom caused the constitutional violations in his complaint.

According to the Contra Costa County In-Custody Locator, Sweets was arrested on January 15, 2025, and faces the following charges: Penal Code sections 211 (robbery), 215(A) (carjacking), 69(A) (resisting an officer), 148(A)(1) (resisting arrest), 243(B) (battery on a peace officer), 148.10(A) (resisting a peace officer), 1203.2 (probation violation), 484(A) (petty theft), 459.5(A) (shoplifting).

Liberally construed, Sweets has stated a Fourth Amendment claim for false arrest and illegal search and seizure of his vehicle. However, to recover damages for an allegedly unconstitutional conviction, or for some other harm that would require a determination that a conviction or sentence is invalid, a plaintiff must prove that the conviction or sentence was reversed on direct appeal or otherwise declared invalid by an authorized state tribunal. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A Fourth Amendment claim seeking damages for an illegal search and seizure is barred in a section 1983 action if the plaintiff would have to negate an element of the offense of the charge or conviction to prevail. Although *Heck* only applies

where there is a conviction, not a pending charge, the Supreme Court has recommended that courts stay civil actions with pending charges until a criminal case or the likelihood of a criminal case is over. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Sweets's claims for false arrest and illegal search and seizure of his vehicle claims may fall into this category, and the Court will order service of these claims and then entertain a motion after the case is served to stay the case until resolution of the pending criminal charges.

Although Sweets refers to a November 2024 incident, and the county detainee locator refers to a January 2025 arrest, a stay would be appropriate unless the incidents are unrelated. A defense motion to stay the action should explain any connection between the November 2024 incident and January 2025 arrest and pending charges.

Sweets's excessive force claims against Cruz Guzman will be ordered served. The Fourth Amendment protects an individual from the use of excessive force during arrest. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). Liberally construed, the allegations appear to give rise to a cognizable Fourth Amendment claim against Cruz Guzman for excessive force during arrest. If the claims for false arrest and illegal search are stayed, it may make sense to stay this claim as well.

Liberally construed, the allegations also appear to give rise to a cognizable claim against Cruz Guzman and the Antioch Police Department for violations of California's Bane Act, Cal. Civ. Code § 52.1, which authorizes individual civil actions by people whose federal or state rights have been violated by threats, intimidation, or coercion. Excessive force during an arrest can violate the Bane Act where the arresting officer has specific intent to violate the arrestee's rights. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018).

Sweets may be able to state a claim against the Doe police officers for failure to intervene, and/or against the Kaiser staff for failing to fulfill the public function of treating Sweets while he was in police custody. If Sweets wants to pursue his claims against the Doe defendant police officers and Kaiser staff, he must identify the names of the people involved. The Court will set a deadline for Sweets to identify any Doe defendants at a later date.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. Sweets's claims for injunctive relief are dismissed with leave to amend.

2. Sweets's section 1983 claim against the Antioch Police Department is dismissed with leave to amend.

3. If Sweets chooses to file a first amended complaint (FAC) with additional allegations about his standing to seek injunctive relief or his section 1983 claim against the Antioch Police Department, he must file the FAC within twenty-eight days of the date of this Order. The FAC must include the caption and civil case number used in this order and the words "FIRST AMENDED COMPLAINT" on the first page. Sweets must use the Court's complaint form and answer all the questions on the form for the action to proceed. Because the FAC completely replaces the previous complaint, Sweets must include in his FAC all the claims he wishes to present. He may not incorporate material from the prior complaints by reference. If Sweets chooses not to file an FAC within the time provided, the case will proceed on the claims ordered served below.

4. Sweets has stated a cognizable false arrest and unlawful search and seizure claim against Cruz Guzman.

5. Sweets has stated a cognizable section 1983 claim against Cruz Guzman.

6. Sweets has stated a cognizable Bane Act claim under California law against Cruz Guzman and the Antioch Police Department.

7. The Court will set a later date by which Sweets must identify any Doe defendants in order for claims against them to proceed.

8. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this Order to the following defendants: Officer Cruz Guzman and the Antioch Police Department at the Antioch Police Department.

9. The Clerk shall also mail a copy of the complaint and a copy of this Order to

Antioch's interim city attorney Derek P. Cole of Cole Huber LLP at 2281 Lava Ridge Court, Suite 300, Roseville, CA 95661. Additionally, the Clerk shall mail a copy of this Order to Sweets.

      10.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

      11.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

          a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than fifty-six days from the date of service. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendants believe this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Sweets.

At the time the dispositive motion is served, the defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      b. Sweets's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendants no later than twenty-eight days after the date on which the defendants' motion is filed.

Before filing his opposition, Sweets is advised to read the notice that will be provided to him by the defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Sweets is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Sweets will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. The defendants shall file a reply brief no later than fourteen days after the date Sweets's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

12. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

13. All communications by Sweets with the court must be served on the defendants,

or the defendants' counsel once counsel has been designated, by mailing a true copy of the document to the defendants or counsel.

14. It is Sweets's responsibility to prosecute this case. Sweets must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

16. The Clerk shall include a blank copy of the prisoner complaint form with plaintiff's copy of this order.

**IT IS SO ORDERED.**

Dated: February 25, 2025

_____
VINCE CHHABRIA
United States District Judge